UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOR HERMANSEN and MIKKEL ERIKSEN,<br><br>     Plaintiffs,<br><br>v.<br><br>MARK DONENFELD, and DONENFELD MANAGEMENT, LLC,<br><br>     Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs Tor Hermansen and Mikkel Eriksen (collectively, "Plaintiffs") hereby allege and state as follows:

## PARTIES

1.     Plaintiff Tor Hermansen is an individual residing at 634 Hightree Road, Santa Monica, California 90402.

2.     Plaintiff Mikkel Eriksen is an individual residing at 285 Homewood Road, Los Angeles, California 90049.

3.     Upon information and belief, Defendant Mark Donenfeld is the principal of Defendant Donenfeld Management, LLC (collectively, "Defendants"), a New York limited liability company with its principal place of business at 475 Park Avenue South, Suite 920, New York, New York 10016.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy is believed to exceed $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because the Defendants have their principal place of business within the Southern District of New York.

## FACTS

6. Defendants are accountants who offer their services to the public.

7. The services offered by Defendant include bookkeeping, bill payment, and personal and corporate tax services.

8. For a continuous period between 2008 and 2015, Plaintiffs entrusted Defendants with a significant portion of their financial affairs.

9. Among other things, Defendants were entrusted with managing Plaintiffs' financial obligations and the calculation, preparation, and payment of Plaintiffs' income taxes.

10. During this period, Defendants failed to provide appropriate advice and services regarding Plaintiffs' federal and state estimated taxes.

11. During this period, Defendants failed to provide appropriate advice and services regarding Plaintiffs' income tax withholding.

12. During this period, Defendants failed to provide appropriate advice and services regarding Plaintiffs' New York City unincorporated business taxes.

13. Specifically, Defendants failed to advise Plaintiffs that they were required to either pay estimated taxes and unincorporated business taxes on a quarterly basis or make appropriate withholdings throughout the year.

14. Defendants also failed to timely pay property taxes on real property owned by Plaintiff Mikkel Eriksen in 2014.

15. As a result of Defendants' misconduct, Plaintiffs were forced to pay penalties in excess of $326,000 to the federal government, New York State, California, and New York City.

16. Defendants did not advise Plaintiffs that any penalties had been assessed.

17. Rather, Plaintiffs only learned of the penalties after they retained a new accountant in 2015.

## COUNT ONE
(Negligence/Malpractice)

18. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

19. Defendants owed a duty of reasonable professional care when performing financial and accounting services to Plaintiffs.

20. Through the acts described above, Defendants repeatedly and continuously breached that duty.

21. As a result of Defendants' breach, Plaintiffs have sustained damages.

## COUNT TWO
(Breach of Contract)

22. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

23. Defendants agreed to perform services for the Plaintiffs in exchange for a fee.

24. By failing to provide appropriate advice and services to the Plaintiffs, Defendants breached that agreement.

25. Plaintiffs have sustained damages as a result of Defendants' breach.

## COUNT THREE
(Breach of the Duty of Good Faith and Fair Dealing)

26. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

27. Plaintiffs and Defendants had an agreement under which Defendants were to provide financial and accounting services to Plaintiffs in exchange for a fee.

28. Implicit in that agreement was a duty of good faith and fair dealing.

29. Defendants breached that duty by failing to provide appropriate advice and services.

30. As a result of Defendants' breach, Plaintiffs have sustained damages.

## COUNT FOUR
(Breach of Fiduciary Duty)

31. Plaintiff hereby realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

32. Defendants were entrusted with a significant portion of Plaintiffs' financial affairs.

33. As the overseer of Plaintiffs' finances, Defendants owed Plaintiffs a fiduciary duty to act in Plaintiffs' best interests.

34. Based on the foregoing, Defendants breached that fiduciary duty.

35. Plaintiffs have sustained damages as a result of Defendants' breach.

**WHEREFORE**, Plaintiffs requests judgment awarding compensatory damages, together with counsel fees, costs, amnd any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 29, 2017

By: /s/ Jared J. Limbach
Jared J. Limbach

**DONNELLY MINTER & KELLY, LLC**
163 Madison Avenue, Suite 320
Morristown, New Jersey 07960

40 Wall Street, 28th Floor
New York, New York 10005

Attorneys for Plaintiffs,
Tor Hermansen and Mikkel Eriksen