UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOR HERMANSEN and MIKKEL ERIKSEN,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK DONENFELD, DONENFELD MANAGEMENT, LLC, and GETZEL SCHIFF & PESCE, LLP,<br><br>    Defendants. | Case No. 1:17-cv-02295<br><br>SECOND AMENDED COMPLAINT |

Plaintiffs Tor Hermansen and Mikkel Eriksen (collectively, "Plaintiffs") hereby allege and state as follows:

## PARTIES

1. Plaintiff Tor Hermansen is an individual residing at 634 Hightree Road, Santa Monica, California 90402.

2. Plaintiff Mikkel Eriksen is an individual residing at 285 Homewood Road, Los Angeles, California 90049.

3. Upon information and belief, Defendant Mark Donenfeld is an individual domiciled in the State of New York.

4. Upon information and belief, Defendant Mark Donenfeld is the sole member of Defendant Donenfeld Management, LLC, a New York limited liability company with its principal place of business at 475 Park Avenue South, Suite 920, New York, New York 10016.[1]

5. Upon information and belief, Defendant Getzel Schiff & Pesce, LLP ("GSP" and, collectively with Donenfeld, "Defendants") is a New York limited liability partnership with its

---

[1] Defendants Mark Donenfeld and Donenfeld Management, LLC, are collectively referred to herein as "Donenfeld."

principal place of business located at 100 Crossways Park West, Suite 403, Woodbury, New York 11797.

6. Upon information and belief, all of GSP's partners are domiciled in the State of New York.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Specifically, both Plaintiffs are citizens of California, and all Defendants are citizens of New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because the Defendants have their principal places of business within the Southern District of New York.

## FACTS

10. Donenfeld is an accountant who offers his services to the public.

11. The services offered by Donenfeld include bookkeeping, bill payment, and personal and corporate tax services.

12. For a continuous period between 2008 and 2015, Plaintiffs entrusted Donenfeld with a significant portion of their financial affairs.

13. Upon information and belief, for some or all of this period, Donenfeld was affiliated with GSP.

14. Among other things, Donenfeld was entrusted with managing Plaintiffs' financial obligations and the calculation, preparation, and payment of Plaintiffs' income taxes.

15. During this period, Donenfeld failed to provide appropriate advice and services regarding Plaintiffs' federal and state estimated taxes.

16. During this period, Donenfeld failed to provide appropriate advice and services regarding Plaintiffs' income tax withholding.

17. During this period, Donenfeld failed to provide appropriate advice and services regarding Plaintiffs' New York City unincorporated business taxes.

18. Specifically, Donenfeld failed to advise Plaintiffs that they were required to either pay estimated taxes and unincorporated business taxes on a quarterly basis or make appropriate withholdings throughout the year.

19. Donenfeld also failed to timely pay property taxes on real property owned by Plaintiff Mikkel Eriksen in 2014.

20. Upon information and belief, GSP failed to properly supervise or actively participated in Donenfeld's misconduct during the period of their affiliation.

21. As a result of Defendants' misconduct, Plaintiffs were forced to pay penalties in excess of $326,000 to the federal government, New York State, California, and New York City.

22. Defendants did not advise Plaintiffs that any penalties had been assessed.

23. Rather, Plaintiffs only learned of the penalties after they retained a new accountant in 2015.

## COUNT ONE
(Negligence/Malpractice)

24. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

25. Defendants owed a duty of reasonable professional care when performing financial and accounting services to Plaintiffs.

26. Through the acts described above, Defendants repeatedly and continuously breached that duty.

27. As a result of Defendants' breach, Plaintiffs have sustained damages.

## COUNT TWO
(Breach of Contract)

28. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

29. Defendants agreed to perform services for the Plaintiffs in exchange for a fee.

30. By failing to provide appropriate advice and services to the Plaintiffs, Defendants breached that agreement.

31. Plaintiffs have sustained damages as a result of Defendants' breach.

## COUNT THREE
(Breach of the Duty of Good Faith and Fair Dealing)

32. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

33. Plaintiffs and Defendants had an agreement under which Defendants were to provide financial and accounting services to Plaintiffs in exchange for a fee.

34. Implicit in that agreement was a duty of good faith and fair dealing.

35. Defendants breached that duty by failing to provide appropriate advice and services.

36. As a result of Defendants' breach, Plaintiffs have sustained damages.

## COUNT FOUR
(Breach of Fiduciary Duty)

37. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

38. Defendants were entrusted with a significant portion of Plaintiffs' financial affairs.

39. As the overseer of Plaintiffs' finances, Defendants owed Plaintiffs a fiduciary duty to act in Plaintiffs' best interests.

40. Based on the foregoing, Defendants breached that fiduciary duty.

41. Plaintiffs have sustained damages as a result of Defendants' breach.

## COUNT FIVE
(Respondeat Superior)

42. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs as though fully set forth herein.

43. Donenfeld was employed by or otherwise affiliated with GSP during the period of the above-referenced misconduct.

44. Donenfeld's misconduct was foreseeable and within the scope of his employment.

45. Accordingly, GSP is legally responsible for Donenfeld's misconduct.

**WHEREFORE**, Plaintiffs requests judgment awarding compensatory damages, together with counsel fees, costs, and any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: June 26, 2017         By:  /s/ Jared J. Limbach
                                  Jared J. Limbach

                             **DONNELLY MINTER & KELLY, LLC**
                             163 Madison Avenue, Suite 320
                             Morristown, New Jersey 07960

                             40 Wall Street, 28th Floor
                             New York, New York 10005

                             Attorneys for Plaintiffs,
                             Tor Hermansen and Mikkel Eriksen