UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

TOR HERMANSEN and MIKKEL ERIKSEN,

                       Plaintiffs,

  -against-

MARK DONENFELD, DONENFELD
MANAGEMENT, LLC, and, GETZEL SCHIFF &
PESCE, LLP,

                       Defendants.

-----------------------------------------------------------------------x

Case No.: 1:17-cv-02295
(Hon. Lorna G. Schofield)

**ANSWER TO
SECOND AMENDED
COMPLAINT**

      Defendant, Getzel Schiff & Pesce, LLP ("GSP"), by its attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, as and for its Answer in response to the Second Amended Complaint, alleges the following:

      1.    Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 1.

      2.    Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 2.

      3.    Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 3.

      4.    Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 4.

      5.    Defendant admits the allegations in paragraph 5.

      6.    Defendant admits the allegations in paragraph 6.

      7.    Defendant neither admits nor denies the allegations in paragraph 7, and respectfully refers all questions of law to the Court.

8. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 8, except admits that this answering Defendant is a citizen of the State of New York.

9. Defendant neither admits nor denies the allegations in paragraph 9, and respectfully refers all questions of law to the Court.

10. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 10.

11. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 11.

12. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 14.

15. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 15.

16. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 16.

17. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 17.

18. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 18.

19. Defendant denies knowledge and information sufficient to form a belief as to the

allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 21, except specifically denies that GSP was involved in any misconduct, let alone conduct that caused damage to plaintiffs.

22. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 22, except specifically denies that GSP had a duty to advise plaintiffs.

23. Defendant denies knowledge and information sufficient to form a belief as to the allegations in paragraph 23.

24. In response to the allegations in paragraph 24, defendant repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. In response to the allegations in paragraph 28, defendant repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. In response to the allegations in paragraph 32, defendant repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

33. Defendant denies the allegations in paragraph 33, except specifically denies knowledge and information sufficient to form a belief as to whether defendants Mark

Donenfeld or Donenfeld Management, LLC had an agreement with plaintiffs.

34. Defendant neither admits nor denies the allegations in paragraph 34, and respectfully refers all questions of law to the Court.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. In response to the allegations in paragraph 37, defendant repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

38. Defendant denies the allegations in paragraph 38, except specifically denies knowledge and information sufficient to form a belief as to whether defendants Mark Donenfeld or Donenfeld Management, LLC were entrusted with any portion of plaintiffs' financial affairs.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. In response to the allegations in paragraph 42, defendant repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

### AS AND FOR A FIRST SEPARATE AND COMPLETE DEFENSE

46. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE DEFENSE

47. Plaintiffs are not in privity with defendant GSP.

## AS AND FOR A THIRD SEPARATE AND COMPLETE DEFENSE

48.     Defendant Mark Donenfeld was not employed or affiliated with defendant GSP.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE DEFENSE

49.     Defendant Donenfeld Management, LLC was not employed or affiliated with defendant GSP.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE DEFENSE

50.     Defendant GSP did not breach any duty to plaintiffs as its actions were at all times within and in accordance with generally accepted accounting principles.

## AS AND FOR A FIRST CROSS-CLAIM OVER AND AGAINST CO-DEFENDANTS MARK DONENFELD AND DONENFELD MANAGEMENT, P.C.

51.     In the event that GSP is held liable for all or any part of the damages alleged to have been sustained by plaintiffs, which liability is expressly denied by GSP, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of defendants Mark Donenfeld and/or Donenfeld Management, P.C., without fault, negligence or want of care on the part of GSP contributing thereto, and as such, defendants Mark Donenfeld and/or Donenfeld Management, P.C. are liable over to GSP for contribution for the parties' proportionate share of any judgment or recovery that plaintiffs may obtain.

## AS AND FOR A SECOND CROSS-CLAIM OVER AND AGAINST CO-DEFENDANTS MARK DONENFELD AND DONENFELD MANAGEMENT, P.C.

52.     In the event that GSP is held liable for all or any part of the damages alleged to have been sustained by plaintiffs, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of defendants Mark Donenfeld and/or Donenfeld

Management, P.C. without any fault, negligence or want of care on the part of GSP contributing thereto, and as such, defendants Mark Donenfeld and/or Donenfeld Management, P.C., will be obligated to indemnify GSP for common-law indemnification against such loss or damages as it may suffer, including without limitation any judgment entered against GSP, and all costs, disbursements, expenses and attorneys' fees incurred in the defense of this action, as provided by applicable law.

### AS AND FOR A THIRD CROSS-CLAIM OVER AND AGAINST CO-DEFENDANTS MARK DONENFELD AND DONENFELD MANAGEMENT, P.C.

53.     Pursuant to a certain Purchase and Settlement Agreement, entered into in Marcy, 2017, by and among the defendants herein, defendants Mark Donenfeld and Donenfeld Management, P.C. undertook to indemnify GSP for loss or damage it sustained arising from the scope of the Settlement Agreement. By reason thereof, GSP is entitled to judgment against defendants Mark Donenfeld and Donenfeld Management, P.C. for contractual indemnification, together with all costs, disbursements, expenses and attorneys' fees incurred in the defense of this action, as provided by applicable law.

WHEREFORE, defendant GSP demands judgment dismissing the Amended Complaint, and on its first cross-claim in an amount to be determined by the Court, on its second cross-claim

in an amount to be determined by the Court, on its third cross-claim in an amount to be determined by the Court, and for such other and further relief at the Court may deem just, proper and equitable.

Dated: June 27, 2017

                                            ABRAMS, FENSTERMAN, FENSTERMAN,
                                            EISMAN, FORMATO, FERRARA & WOLF LLP

                                      By: _____
                                            Keith J. Singer (KS 5005)
                                            3 Dakota Drive, Suite 300
                                            Lake Success, New York 11042
                                            (516) 328 – 2300
                                            ksinger@abramslaw.com

                                            *Attorneys for defendant Getzel Schiff & Pesce LLP*

To:    Donnelly Minter & Kelly, LLC
        163 Madison Avenue, Suite 320
        Morristown, New Jersey 07960
        (973) 200-6400

        *Attorneys for plaintiffs*

        Gordon & Rees
        1 Battery Park Plaza, 28th Floor
        New York, New York 10004
        (212) 453-0796

        *Attorneys for defendant Mark Donenfeld and Donenfeld Management, LLC*