UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TOR HERMANSEN AND MIKKEL ERIKSEN,        Case No.: 1:17-cv-02295

                         Plaintiffs,                                 **VERIFIED ANSWER TO**
                                                      **SECOND AMENDED**
       v.                                                          **COMPLAINT AND**
                                                          **CROSSCLAIMS**

MARK DONENFELD, DONENFELD
MANAGEMENT,LLC, and GETZEL SCHIFF &
PESCE, LLP,

                         Defendants.
------------------------------------------------------------------X

      Defendants, Mark Donenfeld ("Donenfeld") and Donenfeld Management, LLC ("Donenfeld Management") (collectively referred to herein as "Answering Defendants"), through their attorneys GORDON & REES, LLP, as and for their Verified Answer to the Second Amended Complaint, state as follows upon information and belief:

## PARTIES

1. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Second Amended Complaint.

2. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Second Amended Complaint.

3. Answering Defendants admit the allegations set forth in paragraph "3" of the Second Amended Complaint.

4. Answering Defendants deny the allegations set forth in paragraph "4" of the Second Amended Complaint except admit that Donenfeld is the sole member of Donenfeld Management, which is a domestic limited liability company with its principal place of business at 311 West 43rd Street, New York, New York.

5. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Second Amended Complaint.

6. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Second Amended Complaint.

## JURISDICTION AND VENUE

7. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Second Amended Complaint and refer all questions of law to the Court for determination.

8. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Second Amended Complaint except admit that Donenfeld is an individual domiciled in the state of New York and is the sole member of Donenfeld Management.

9. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Second Amended Complaint and refer all questions of law to the Court for determination.

## PARTIES

10. Answering Defendants deny the allegations set forth in paragraph "10" of the Second Amended Complaint except admit that Donenfeld is a certified accountant authorized to provide certain services to the public.

11. Answering Defendants deny the allegations set forth in paragraph "11" of the Second Amended Complaint except admit that Donenfeld is a certified accountant authorized to provide certain services to the public.

12. Answering Defendants deny the allegations set forth in paragraph "12" of the Second Amended Complaint except admit that Plaintiffs retained Donenfeld Management to perform certain financial services, limited in scope and duration, between 2008 and 2015.

13. Answering Defendants deny the allegations set forth in paragraph "13" of the Second Amended Complaint except admit that they entered an agreement with Getzel Schiff & Pesce LLP ("Getzel") and refer this Court to said agreement for all of its terms, provisions, conditions and limitations.

14. Answering Defendants deny the allegations set forth in paragraph "14" of the Second Amended Complaint except admit that Plaintiffs retained Donenfeld Management to perform certain financial services, limited in scope and duration, between 2008 and 2015.

15. Answering Defendants deny the allegations set forth in paragraph "15" of the Second Amended Complaint.

16. Answering Defendants deny the allegations set forth in paragraph "16" of the Second Amended Complaint.

17. Answering Defendants deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

18. Answering Defendants deny the allegations set forth in paragraph "18" of the Second Amended Complaint.

19. Answering Defendants deny the allegations set forth in paragraph "19" of the Second Amended Complaint.

20. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Second Amended Complaint and refer all questions of law to the Court for determination.

21. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second Amended Complaint.

22. Answering Defendants deny the allegations set forth in paragraph "22" of the Second Amended Complaint.

23. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Second Amended Complaint.

## COUNT ONE
(Negligence/Malpractice)

24. As and for a response to paragraph "24," Answering Defendants repeat, reallege and reaffirm each and every response made in paragraphs "1" through "23" of the Second Amended Complaint.

25. Answering Defendants deny the allegations set forth in paragraph "25" of the Second Amended Complaint and refer all questions of law to the Court for determination.

26. Answering Defendants deny the allegations set forth in paragraph "26" of the Second Amended Complaint and refer all questions of law to the Court for determination.

27. Answering Defendants deny the allegations set forth in paragraph "27" of the Second Amended Complaint and refer all questions of law to the Court for determination.

## COUNT TWO
(Breach of Contract)

28. As and for a response to paragraph "28," Answering Defendants repeat, reallege and reaffirm each and every response made in paragraphs "1" through "27" of the Second Amended Complaint.

29. Answering Defendants deny the allegations set forth in paragraph "29" of the Second Amended Complaint except admit that Plaintiffs retained Donenfeld Management to perform certain financial services, limited in scope and duration, between 2008 and 2015 in exchange for certain compensation.

30. Answering Defendants deny the allegations set forth in paragraph "30" of the Second Amended Complaint and refer all questions of law to the Court for determination.

31. Answering Defendants deny the allegations set forth in paragraph "31" of the Second Amended Complaint and refer all questions of law to the Court for determination.

## COUNT THREE
(Breach of the Duty of Good Faith and Fair Dealing)

32. As and for a response to paragraph "32," Answering Defendants repeat, reallege and reaffirm each and every response made in paragraphs "1" through "31" of the Second Amended Complaint.

33. Answering Defendants deny the allegations set forth in paragraph "33" of the Second Amended Complaint except admit that Plaintiffs retained Donenfeld Management to perform certain financial services, limited in scope and duration, between 2008 and 2015 in exchange for certain compensation.

34. Answering Defendants deny the allegations set forth in paragraph "34" of the Second Amended Complaint and refer all questions of law to the Court for determination.

35. Answering Defendants deny the allegations set forth in paragraph "35" of the Second Amended Complaint and refer all questions of law to the Court for determination.

36. Answering Defendants deny the allegations set forth in paragraph "36" of the Second Amended Complaint and refer all questions of law to the Court for determination.

## COUNT FOUR
(Breach of Fiduciary Duty)

37. As and for a response to paragraph "37," Answering Defendants repeat, reallege and reaffirm each and every response made in paragraphs "1" through "36" of the Second Amended Complaint.

38. Answering Defendants deny the allegations set forth in paragraph "38" of the Second Amended Complaint except admit that Plaintiffs retained Donenfeld Management to perform certain financial services, limited in scope and duration, between 2008 and 2015.

39. Answering Defendants deny the allegations set forth in paragraph "39" of the Second Amended Complaint and refer all questions of law to the Court for determination.

40. Answering Defendants deny the allegations set forth in paragraph "40" of the Second Amended Complaint and refer all questions of law to the Court for determination.

41. Answering Defendants deny the allegations set forth in paragraph "41" of the Second Amended Complaint and refer all questions of law to the Court for determination.

## COUNT FIVE
(Respondeat Superior)

42. As and for a response to paragraph "42," Answering Defendants repeat, reallege and reaffirm each and every response made in paragraphs "1" through "41" of the Second Amended Complaint.

43. Answering Defendants deny the allegations set forth in paragraph "43" of the Second Amended Complaint except admit that they entered an agreement with Getzel and refers this Court to said agreement for all of its terms, provisions, conditions and limitations.

44. Answering Defendants deny the allegations set forth in paragraph "44" of the Second Amended Complaint and refer all questions of law to the Court for determination.

45. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Second Amended Complaint and refer all questions of law to the Court for determination.

## AFFIRMATIVE DEFENSES

46. Answering Defendants assert the following affirmative and other defenses, without assuming any burden of proof that it would not otherwise have:

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

47. Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Answering Defendants.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred in whole or in part, because Plaintiffs failed to mitigate said damages.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, unclean hands, breach of duty of loyalty and/or fiduciary duty, mistake, waiver or offset.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

50. The damages claimed by Plaintiffs, which are expressly denied, were not proximately caused by the Answering Defendants.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

52. At all times relevant hereto, Answering Defendants acted in good faith and with good cause, and have not violated any rights which may be secured to Plaintiffs under any federal, state or local law, rule, common law, contract, ordinance, regulation or guideline.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred in whole or in part, because Plaintiffs did not suffer any damages attributable to any allegedly wrongful conduct by Answering Defendants and/or any damages or injuries caused by Plaintiffs' own conduct or the conduct of third parties.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiffs are not entitled to punitive and/or liquidated damages.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims are barred or reduced to the extent any damage to Plaintiffs was caused by the acts or omissions of third parties for whom Answering Defendants are not responsible, and Answering Defendants are entitled to an offset of any liability that may be found.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

56. No act or omission on the part of Answering Defendants was the cause, whether proximate, legal or otherwise, or a substantial factor in causing any loss or damage alleged to have been sustained by Plaintiffs.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims and alleged damages are barred, in whole or in part, as duplicative.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiffs have failed to name all necessary parties.

## AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiffs' alleged damages are the result of acts or omissions committed by the Plaintiffs.

## AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims are barred by the fact that the Defendant has complied with all laws, statutes, regulations, etc.

## RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES

61. Answering Defendants hereby reserve the right to amend their Answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

## AS AND FOR CROSS-CLAIMS AGAINST CO-DEFENDANT GETZEL SCHIFF & PESCE, LLP

62. If Plaintiffs sustained injuries and/or damages through any carelessness, recklessness, and/or negligence other than that of Plaintiffs themselves, then these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of Co-Defendant Getzel, with indemnification and/or contribution to Answering Defendants as implied-in-fact or implied-in-law.

63. If Answering Defendants are found liable as to Plaintiffs for the injuries and damages set forth in the Amended Complaint, then Co-Defendant Getzel will be liable jointly and severally to Answering Defendants and will be found to fully indemnify and hold that Answering Defendants are entitled to contribution, in whole or in part, from Co-Defendant Getzel, together with the costs and disbursements incurred in the defense of this action.

64. If Plaintiffs should recover judgment against Answering Defendants, by operation of law or otherwise, Answering Defendants will be entitled to judgment, contribution, and/or

indemnity over and against Co-Defendant Getzel, its agents, servants, and/or employees, by reason of their carelessness, recklessness, and/or negligence for the amount of any such recovery, or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements, and reasonable expenses of the investigation and defense of this action, including reasonable attorneys fees.

**WHEREFORE,** Defendants Mark Donenfeld and Donenfeld Management, LLC demand judgment dismissing the Plaintiffs' Second Amended Complaint in its entirety, or in the alternative, awarding Defendants Mark Donenfeld and Donenfeld Management, LLC judgment for indemnification and/or contribution against Co-Defendant Getzel Schiff & Pesce LLP in exact proportion to be determined at trial to the extent of any judgment in favor of Plaintiffs against Defendants Mark Donenfeld and Donenfeld Management, LLC, together with the costs and disbursements of this action and all other and further relief that this Court deems just and proper.

Dated: New York, New York
July 12, 2017

GORDON & REES LLP

By: _____
Robert Modica, Esq.
Adam J. Hiller, Esq.
*Attorneys for Defendants*
*Mark Donenfeld and Donenfeld*
*Management, LLC*
1 Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500 (phone)
(212) 269-5505 (fax)

TO:

Donnelly Minter & Kelly, LLC
*Attorneys for Plaintiffs*
163 Madison Avenue, Suite 320
Morristown, New Jersey 07960


Abrams, Fensterman, Fensterman,
Eisman, Formato, Ferrara & Wolf LLP
*Attorneys for Defendant*
*Getzel Schiff & Pesce, LLP*
3 Dakota Drive, Suite #300
Lake Success, NY 11042
(516)-328-2300

## CLIENT VERIFICATION

Mark Donenfeld, being duly sworn under oath deposes and says:

I am the Principal of Donenfeld Management, LLC. I certify that I have read the foregoing Answer and know the contents thereof to be true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, as to those matters, I believe them to be true.

Mark Donenfeld
Principal

Sworn to before me this
11th day of July, 2017

MICHAEL PRESENT
Notary Public, State of New York
No. 02PR4871125
Qualified in New York County
Commission Expires Oct. 14, 2018